*1341 OEINION.
GReen :
The petitioner claims that it is entitled to paid-in surplus on account of the casing-head gas contract on the theory that the contract, or at least the value in excess of the prescribed royalty rate, was a gift from the stockholders to the petitioner.
The evidence shows that the Susie Crow lease was owned by two corporations and a partnership, the Cushing Gasoline Co., Cosden & Co., and D. W. Franchot & Co. These three organizations were parties of the first part in the agreement, and the A. C. F. Gasoline *1342 Co. was party of the second part. No bonus or cash payment was stipulated as a consideration in the agreement. The only consideration was the royalty rate of 5 cents a thousand cubic feet of casing-head gas. No stock was issued to the parties of the first part and none of the parties of the first part became stockholders of the petitioner corporation.
The owners of the lease were as follows:
. Per cent.
Cushing Gasoline Co- 50
Cosden & Co_ 25
D. W. Franchot & Co_ 25
The stockholders of the petitioner were as follows:

Shares.

W. L. Curtis, president, Cushing Gasoline Co_.- 50
F. A. Aiken, vice president, Cushing Gasoline Co- 50
J. S. Cosden, president, Cosden & Co-100
D. W. Franchot, partner oí D. W. Franchot & Co_ 50
N. V. V. Franchot, partner of D. W. Franchot & Co- 50
Nothing has been introduced in evidence to prove that the individuals who held stock in the petitioner were holding such stock for the benefit of the organizations of which they were stockholders. In the absence of such proof to the contrary, it must be assumed that the agreement entered into between the petitioner and the Cush-ing Gasoline Co., Cosden & Co., and D. W. Franchot & Co., was an arm’s-length transaction in which each of the parties endeavored to secure the best terms possible.
There is a provision in the agreement which reads as follows:
First parties shall, at all times, have the right to reserve whatsoever casing-head gas they may actually need for the operation of their wells. It is also understood and agreed that first parties are to exercise their own judgment in the management of their wells and property as relates to the amount of casing-head gas taken from said wells and the manner of such taking, and that if at any time they find it necessary by reason of their operations, second party is to cease taking casing-head gas from any of said wells, or that it is injurious to any of said wells to take the casing-head gas therefrom that nothing herein shall prevent them from stopping the second party from taking gas from such wells.
Pursuant to this paragraph the first party could at any time utilize all of the casing-head gas to operate its wells; it could regulate the amount of gas taken from the wells and the manner of such taking; and it could prevent the taking of gas from the wells by the second party if first party deemed it necessary by reason of its operations.
It seems clear that the petitioner secured a very favorable contract from the three organizations owning the lease,, none of which were stockholders in the petitioner corporation. Such a transaction does not give rise to paid-in surplus. The contract was not paid in by the stockholders; it was not a gift from the stockholders. It was *1343 acquired from nonstockholders, and the petitioner is no more entitled to have its value included in invested capital than the value of any other advantageous contract. The Commissioner, as alleged by him in his answer, erred in allowing .any amount to be included in invested capital as the value of the contract.
The second issue relates to depletion, or exhaustion, if any, to be allowed the petitioner. To us it appears that this is the ordinary situation of a contract, without bonus, for the payment of royalties, made after March 1, 1913. It is contended that the contract was a gift from the stockholders to the corporation. To this contention the obvious answer is that the stockholders had Do interest in the subject matter of the contract. The allowance for depletion or exhaustion is measured by the cost, where property is acquired by purchase, lease, or contract, after March 1, 1913. The petitioners have no cost other than the royalty payments and are entitled to deduct only such payments. The petitioner is entitled to no deduction by reason of the depletion or exhaustion of the value of the contract.
Judgment will he entered after 15 days' notice, under Rule 50.